Honorable James C. Scott State Senator Rt. 1, Box 82-A Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion as to whether a city or town may lawfully make a contribution or grant of funds to the Area Agency on Aging of Southeast Arkansas Inc.
Article 12, Section 5 of the Arkansas Constitution states as follows:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution, or individual.
The intent of the Legislature in passing the foregoing provision was to prevent municipal corporations from appropriating money or lending their credit to corporations, associations, institutions, or individuals who were engaged in purely private enterprises, or who, if organized for public enterprises, might exploit or use the public funds for private gain. Bourland v. Pollock, 157 Ark. 538
(1923).
In Bourland v. Pollock, supra, the Court found that a municipal corporation could make an appropriation to a welfare association organized to render aid to the poor of the city. In that case the welfare association was performing the same duties that the City of Fort Smith would have had to perform. The city chose to perform those duties through the agency by contributing its funds to the welfare association.
In the instant case it should be determined whether or not the Area Agency on Aging of Southeast Arkansas, Inc. is performing functions that the city is required to perform. If so, a contribution from the city to the agency may be lawful I am enclosing a copy of Bourland v. Pollock which addresses extensively the intent of the framers of Article 12, Section 5 of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Attorney General E. Jeffery Story.